**Chandrakant S. PANSE, et al., Plaintiffs, Appellants,**

v.

**Sandhya SHAH, et al., Defendants, Appellees.**

No. 05–2680.

United States Court of Appeals, First Circuit.

Oct. 13, 2006.

Chandrakant S. Panse, on brief, pro se.

John M. Dellea and Ficksman & Conley, LLP, on brief for appellees.

Before BOUDIN, Chief Judge, TORRUELLA and HOWARD, Circuit Judges.

PER CURIAM.

After carefully considering the briefs and record on appeal, we *affirm* the judgment below for substantially the reasons stated by the district court.

The district court properly dismissed the complaint for want of subject matter jurisdiction. Among other problems, lower federal courts have no power to review final, state, civil judgments. A complaint inviting federal review of a judgment already rendered in state court must be dismissed. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005); *Federacion de Maestros de Puerto Rico v. Junta de Relaciones del Trabajo de Puerto Rico,* 410 F.3d 17 (1st Cir.2005). Review of constitutional claims intertwined with the state proceeding is tantamount to impermissible federal review of the state judgment. *Wang v. N.H. Bd. of Registration in Med.,* 55 F.3d 698 (1st Cir.1995).

We *grant* appellants' motion to have the record unsealed. Sealing is disfavored as contrary to the presumption of public access to judicial records of civil proceedings. *Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978). It is justified only for compelling reasons and with careful balancing of competing interests. *FTC v. Standard Fin. Mgmt. Corp.,* 830 F.2d 404 (1st Cir.1987). The present record evinces insufficient jus-

tification for sealing.[1] *Siedle v. Putnam Inv., Inc.* 147 F.3d 7 (1st Cir.1998).

*So ordered.* 1st Cir. R. 27(c).

1. The remaining pending motions are *denied.*